**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PENZEL CONSTRUCTION COMPANY, Inc., and Carpenters Local 1770, etc., Respondents.**

No. 71–1102.

United States Court of Appeals, Eighth Circuit.

Oct. 14, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Joseph H. Solien, Regional Director, Gerard P. Fleischut, Regional Atty., George Rallis, Asst. Regional Atty., N. L. R. B., for petitioner.

Buerkle, Buerkle & Lowes, Albert C. Lowes, Jackson, Mo., for Penzel Construction Co., Inc., respondent.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

This case is here upon petition of the National Labor Relations Board for en-

forcement of its order against Penzel Construction Company (respondent). The Board's decision and order are reported at 185 NLRB No. 32. No jurisdictional question is presented.

The questions to be resolved are: (1) whether there is substantial evidence on the whole record to support the Board's finding that respondent refused to re-employ employee H. Clinton Johnson, in violation of § 8(a) (3) and (1) of the National Labor Relations Act, because Johnson had reported respondent to the union; (2) whether the Board had abused its discretion in denying respondent's motion to reopen the proceedings to permit respondent to offer additional evidence concerning Johnson's physical condition.

The first issue turns on the question of credibility. According to Johnson's testimony, he was informed by the superintendent of respondent that because Johnson had "sicked" the Carpenters Union business agent on respondent that Johnson would never again be employed by respondent. Although the superintendent denied making the particular statement, a fair reading of all of his testimony fully supports the trial examiner's and the Board's action in crediting Johnson's testimony. It is settled law, of course, that the question of credibility of witnesses is primarily one for determination by the trier of facts, and findings in this area are reversed only in extraordinary circumstances. N.L.R.B. v. Superior Sales, Inc., 366 F. 2d 229, 233 (8th Cir.1966); Marshfield Steel Co. v. N.L.R.B., 324 F.2d 333, 336 (8th Cir.1963).

A canvass of the entire record satisfies us that the Board's findings are supported by substantial evidence.

We find the second claim of error without merit. The Board did not abuse its discretion in refusing to re-open the case and permit respondent to offer additional evidence.

Enforcement granted.