**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION,**
**Respondent.**

**No. 79–1373.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 3, 1979.

Decided Dec. 28, 1979.

Rehearing Denied Feb. 6, 1980.

---

Allison W. Brown, Jr., and Catherine Garcia, Attys., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D.C., for petitioner.

Richard B. Slosberg, Pittsburgh, Pa., for respondent.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

In this appeal, the National Labor Relations Board seeks enforcement of its decision and order of February 23, 1979, pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e). The Board affirmed the Administrative Law Judge's finding of violations of the Act and adopted her order against respondent Westinghouse Electric Corporation.

The Board first found that the respondent violated sections 8(a)(1) and (3) of the Act by firing employee John Suttenfield for passing out union authorization cards. The Administrative Law Judge and the Board credited testimony that the company personnel manager fired Suttenfield specifically for engaging in union activities and not because he had breached the company's no-solicitation rule. The evidence clearly established that instances of solicitation for nonunion purposes proscribed by the rule were tolerated at the plant on other occasions. Therefore, we are convinced that substantial evidence in the record as a whole justifies the Board's determination that Suttenfield's discharge was the result of his employer's antiunion stance.

The Board also found that the respondent violated section 8(a)(1) of the Act by threatening employees with discharge if they followed Suttenfield's example, by in-

terrogating Suttenfield about his union views, and by maintaining a solicitation rule prohibiting activity which is clearly protected by the Act.[1] We are mindful that the credibility of the witnesses who testified to those violations is primarily a question for the trier of fact, and should not be reversed unless extraordinary circumstances come into play. *NLRB v. Penzel Construction Co.*, 449 F.2d 148, 149 (8th Cir. 1971). Having carefully reviewed the briefs and the record of the proceedings in this case, in light of this standard, we conclude that the Board's findings are supported by substantial evidence.[2]

Accordingly, with the limitations expressed in footnote 2, we affirm the decision of the National Labor Relations Board pursuant to Rule 14 of the Rules of this court and grant enforcement of its order.

---

1. We are especially concerned with the fact that respondent's broad prohibition of solicitation on company premises applies equally to employees' work time and their personal time. As this court pointed out in *McDonnell Douglas Corp. v. NLRB*, 472 F.2d 539, 544 (8th Cir. 1973), the limitation of solicitation during an employee's authorized nonwork time, such as a lunch period or a break period, has been held presumptively invalid since the Supreme Court's opinion in *Republican Aviation Corp. v. NLRB*, 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372 (1945). *See James H. Matthews Co. v. NLRB*, 354 F.2d 432, 440 (8th Cir.), *cert. denied*, 384 U.S. 1002, 86 S.Ct. 1924 (1966).

2. The order of the Board is overly broad and not sufficiently specific in paragraph 1, subparagraphs (d), (e), (f) and (g). Each of those sections must be amended to show that solicitation and distribution of literature by employees may be done only when both the soliciting employee and the solicited employee are on personal time, company authorized work breaks, or during nonworking hours, and in a place within the plant but outside the normal work area. The notice to employees must also be amended to reflect these changes. *See McDonnell Douglas Corp. v. NLRB, supra*, 472 F.2d 539.